UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20412-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAMON ANTONIO DEL ROSARIO PUENTE,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for Defendant Ramon Antonio Del Rosario Puente. (ECF No. 94). I commenced a change of plea hearing on November 16, 2021 and continued it to today to allow the parties to execute a revised plea agreement and factual proffer. For the following reasons, I recommend that the Court accept Defendant's plea of guilty.

    1.    At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant, and make all findings and rulings concerning Defendant's sentence.

    2.    Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney and the Assistant

United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3.  I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.  The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Count 1 of the Indictment, which charges Defendant with conspiracy to import cocaine into the United States, in violation of Title 21, United States Code, Sections 959(b)(2)[1] and 963. (ECF No. 3).

5.  The parties also agreed to a written factual proffer, and had that document with them at the hearing. This too was later filed with the Court. Defendant said that he read that factual proffer and agreed to its accuracy; he also confirmed that he signed it and he explained in his own words how he committed the crime. The Government identified all of the essential elements of the offenses to which Defendant pled guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also explained how he committed the crime charged in the Indictment. I found that a factual

---

[1] The Indictment mistakenly cites the offense as a violation of 21 U.S.C. § 959(a)(2). Defendant acknowledged that this was a clerical error and understands that the charged offense in fact arises under § 959(b)(2).

basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum and mandatory minimum penalties. Defendant acknowledged that he understands these possible penalties, including a maximum term of imprisonment of a term of years, but not life imprisonment, and a mandatory minimum term of fifteen (15) years imprisonment, followed by a term of supervised release of at least ten (10) years and up to life.

6. Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support.

7. The U.S. Probation Office will prepare a pre-sentence investigation report, and Defendant was advised that his **sentencing has been scheduled for January 11, 2022, at 10:30 a.m., before the Honorable Donald M. Middlebrooks, in Miami**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Count 1 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 29th day of November 2021, at Miami, Florida.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable Donald M. Middlebrooks
     Counsel of record